UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BANK OF AMERICA, N.A., as successor by :
merger to LASALLE BANK NATIONAL :
ASSOCIATION, as Trustee for the Registered :
Holders of J.P. Morgan Chase Commercial :
Mortgage Securities Trust, Commercial Mortgage :
Pass-Through Certificates, Series 2006-CIBC14, :
       Plaintiff, :
  : **ORDER**
v. :
  : 7:09-cv-4981 (VB)
RJ DOOLEY REALTY, INC., ROBERT J. :
DOOLEY, CORNELIUS R. VERHOEST, RJ :
DOOLEY AND ASSOCIATES, INC., :
MAHONEY'S AT DOOLEY SQUARE INC., :
NEW YORK STATE DEPARTMENT OF :
TAXATION AND FINANCE, and John Does :
1-100, the latter names being fictitious but :
intending to designate tenants and persons in :
possession or person having an interest in the :
premises described in the Complaint herein, :
       Defendants. :
----------------------------------------------------------------x

Briccetti, J.:

      Plaintiff has filed a motion (Doc. #18) seeking the following relief:

1.    Substitution of Preferred Group of Manhattan, Inc. as plaintiff in this action pursuant to Rule 25(c);

2.    Severance and dismissal of all claims against RJ Dooley Realty, Inc., Mahoney's at Dooley Square Inc., New York State Department of Taxation and Finance, and John Does 1-100 without prejudice pursuant to Rule 21;

3.    Leave to amend the complaint pursuant to Rule 15(a)(2).

There has been no opposition to the motion,[1] and the motion is granted.

---

    [1]    Service of the original complaint was not been completed. Pursuant to Rule 25(c), plaintiff served the motion upon named defendants via first-class mail (Doc. #22). Although plaintiff did not provide a notice of hearing in its service as required by Rule 25(a)(3),

1

As to the substitution of plaintiff, the Court may order the substitution of a party if "an interest is transferred." Fed. R. Civ. P. 25(c). Plaintiff Bank of America, N.A. indicates it has sold and assigned its interest in the loan at issue in this case to Preferred Group of Manhattan, Inc. Because it "will expedite and simplify the action," Banyai v. Mazur, 2009 U.S. Dist. LEXIS 105418, at *8 (S.D.N.Y. Nov. 5, 2009), substitution is appropriate and is granted.

Severance and dismissal is appropriate at this stage because RJ Dooley Realty, Inc.'s bankruptcy has made moot certain claims for relief asserted in the complaint. The Court is permitted to "at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. "[P]rinciples of fundamental fairness and judicial efficiency" dictate that the relief is justified and appropriate. In re Methyl Tertiary Butyl Ether Products, 247 F.R.D. 420, 424 (S.D.N.Y. 2007). The Court severs and dismisses of all claims against RJ Dooley Realty, Inc., Mahoney's at Dooley Square Inc., New York State Department of Taxation and Finance, and John Does 1-100 without prejudice.

Pursuant to Rule 15(a)(2), leave to amend the complaint should be freely given. In this case, none of the factors that would warrant denial of plaintiff's request are present. See Duling v. Gristede's Operating Corp., 265 F.R.D. 91, 96 (S.D.N.Y. 2010) (setting forth factors by which court should analyze motion for leave to amend complaint). As such, the Court grants plaintiff leave to amend its complaint. Plaintiff shall file its amended complaint within ten days of the filing of this order.

---

the notice of motion sufficed to apprise defendants of the motion. See Anderson v. Brady, 5 F.R.D. 85 (D. Ky. 1945).

The Clerk is instructed to terminate the pending motion.

Dated: White Plains, New York
July 25, 2011

SO ORDERED

Vincent L. Briccetti
United States District Judge