UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
PREFERRED GROUP OF MANHATTAN, INC., :
                                         Plaintiff, :
                                                     : 09 Civ. 4981 (VB)
                 - against - :
                                                      : **ANSWER OF DEFENDANT**
ROBERT J. DOOLEY and CORNELIUS R. : **CORNELIUS R. VERHOEST**
VERHOEST, :
                                                      :
                                         Defendants. :
------------------------------------------------------------------- x

      Defendant Cornelius R. Verhoest ("Verhoest"), by and through undersigned counsel, for its Answer to Plaintiff's First Amended Complaint (the "Amended Complaint"), asserts as follows:

## As to the General Allegations

      1.     Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

      2.     Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint.

      3.     Verhoest denies the allegations in paragraph 3 of the Amended Complaint.

      4.     Verhoest admits the allegations in paragraph 4 of the Amended Complaint.

      5.     Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Amended Complaint.

      6.     Verhoest admits that a document which purports to be the Note is attached as Exhibit A to the Amended Complaint.

      7.     Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint.

8. Verhoest admits that a document which purports to be the Mortgage is attached as Exhibit B to the Amended Complaint.

9. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Amended Complaint.

10. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

11. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint.

12. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint.

13. Verhoest denies the allegations in paragraph 13 of the Amended Complaint, except admits his signature appears on a document purporting to be the Indemnity Agreement.

14. Verhoest admits that a document which purports to be the Indemnity Agreement is attached as Exhibit C to the Amended Complaint.

15. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Amended Complaint.

16. Verhoest admits that a document which purports to be the Undertaking and Guaranty Agreement is attached as Exhibit D to the Amended Complaint.

17. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint.

18. Verhoest admits that a document which purports to be the Mortgage Assignment is attached as Exhibit E to the Amended Complaint.

19. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint.

20. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint.

21. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint.

22. Verhoest admits that a document which purports to be the Mortgage Assignment 2 is attached as Exhibit F to the Amended Complaint.

23. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint.

24. Verhoest admits that a document which purports to be the Assignment of Loan Documents is attached as Exhibit G to the Amended Complaint.

25. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint.

26. Verhoest admits that a document which purports to be the Assignment of a Cause of Action is attached as Exhibit H to the Amended Complaint.

27. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint.

28. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint and refers to the Note for its contents.

29. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint and refers to the Note for its contents.

30. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint and refers to the Note for its contents.

31. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint and refers to the Note for its contents.

32. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint and refers to the Note for its contents.

33. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the Amended Complaint and refers to the Note for its contents.

34. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint and refers to the Note and Mortgage for their contents.

35. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint and refers to the Mortgage for its contents.

36. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint and refers to the Mortgage for its contents.

37. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint and refers to the Indemnity Agreement for its contents.

38. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Amended Complaint and refers to the Undertaking for its contents.

39. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Amended Complaint.

40. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint.

41. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint.

42. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint and refers to the Note for its contents.

43. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint.

44. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint.

45. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Amended Complaint.

46. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Amended Complaint.

47. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Amended Complaint.

48. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint.

49. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint.

50. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint.

### As to the First Cause of Action

51. Verhoest denies he is liable as alleged in paragraph 51 of the Amended Complaint.

52. Verhoest denies he is liable as alleged in paragraph 52 of the Amended Complaint.

### As to the Second Cause of Action

53. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint.

54. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Amended Complaint.

55. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Amended Complaint.

56. Verhoest denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Amended Complaint.

57. Verhoest denies he is liable as alleged in paragraph 57 of the Amended Complaint.

58. Verhoest denies he is liable as alleged in paragraph 58 of the Amended Complaint.

### First Defense

59. Upon information and belief, plaintiff's predecessor, CIBC, violated its loan committee requirements and guidelines in order to make the subject loan and to facilitate its securitization in the public marketplace. In so doing, CIBC utilized false leases, occupancy reports, rent rolls, appraisals, construction reports, cash flow projections, and loan documents.

60. CIBC concealed the foregoing course of conduct from Verhoest, who was induced to execute certain documents which plaintiff purports to be the Indemnity Agreement and Undertaking.

61. In taking the Loan Documents, plaintiff had full knowledge of the assertion of CIBC's bad faith conduct.

### Second Defense

62. Verhoest repeats and realleges each and every allegation contained in paragraphs 59 through 61.

7

63. Upon information and belief, CIBC violated its lending practices and guidelines, including, but not limited to, due diligence, document preparation, review and execution, borrower counsel representation and credit confirmation.

64. By reason of the foregoing, CIBC acted in bad faith in seeking to procure the purported Indemnity Agreement and Undertaking.

### Third Defense

65. Verhoest repeats and realleges each and every allegation contained in paragraphs 59 through 64.

66. The purported Indemnity Agreement and Undertaking are not enforceable as against Verhoest for lack of consideration.

**WHEREFORE**, Defendant Verhoest demands judgment against Plaintiff dismissing the Amended Complaint with prejudice and for such other and further relief as is just and proper.

Dated: New York, New York
       November 23, 2011

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP


By: s/ Kenneth M. Block
    Kenneth M. Block
    Matthew J. Sinkman
    *Attorneys for Defendant
      Cornelius R. Verhoest*
    900 Third Avenue
    New York, New York
    (212) 508-6700
    Block@thsh.com

[950806-2]