UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------x
PREFERRED GROUP OF MANHATTAN, INC.,        :

                Plaintiff,        :
                              Index No. 09 Civ. 4981
      - against -                 : (VLB-PED)

ROBERT J. DOOLEY and CORNELIUS R.          :
VERHOEST,
                            :
               Defendants.       :
---------------------------------------x


**MEMORANDUM OF LAW IN SUPPORT**
**<u>OF MOTION TO WITHDRAW AS COUNSEL</u>**


ARONAUER, RE & YUDELL, LLP
Attorneys for Plaintiff
One Grand Central Place
60 East 42nd Street
Suite 1420
New York, New York 10165
(212) 755-6000

## Preliminary Statement

Aronauer, Re & Yudell, LLP ("ARY") and Kenneth S. Yudell, Esq., a member of ARY, move this court for an order permitting them to withdraw as attorneys for plaintiff Preferred Group of Manhattan, Inc. ("Plaintiff") in this action and to obtain a charging lien in the amount of the outstanding attorneys fees and disbursements. As described in more detail in the accompanying Declaration, there is a significant amount of fees owed from Plaintiff to ARY, ARY has not received any payment toward these outstanding fees for numerous months, and Plaintiff's representative has ceased communicating with its counsel. Under these circumstances, the undersigned should be permitted to withdraw as counsel for Plaintiff.

## Facts

The underlying facts are more fully set forth in the accompanying Declaration of Kenneth S. Yudell, Esq., dated October 15, 2012 (the "Yudell Decl."), and the exhibits annexed thereto, and will not be repeated at length herein. Unless otherwise set forth herein, all capitalized terms shall have the meanings ascribed to them in the Yudell Decl.

**Argument**

Pursuant to Local Civil Rule 1.4, an attorney of record for a party may only withdraw with leave of Court.  Local Civil Rule 1.4 further states that "such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien."

One such sufficient reason for withdrawal is nonpayment of attorneys fees.  <u>See</u> <u>Promotica of America, Inc. v. Johnson Grossfield, Inc.</u>, Case No. 98 Civ. 7414, 2000 WL 424184 (S.D.N.Y. April 18, 2000).  Lack of cooperation by a client, including lack of communication with counsel, is also a sufficient reason for allowing withdrawal by counsel.  <u>Id.</u> (citations omitted).

As shown in the accompanying Yudell Decl., Plaintiff is not paying ARY's attorneys' fees and is not communicating with ARY.  Thus, both of these grounds exists, and Plaintiff's motion should be granted.

Since Plaintiff is not permitted to appear without counsel, it is respectfully requested that Plaintiff be given at least 30 days to obtain new counsel before the Court dismisses this action.

**Request for Charging Lien**

New York Judiciary Law § 475 governs attorneys' charging liens in federal courts sitting in New York.  Tipoo v. Cohen & Slamowitz, LLP, Case No. 11 Civ. 6046 (RJS), 2012 WL 1981482, at *4 (S.D.N.Y. May 30, 2012) (citation and quotations omitted.)  As set forth in Judiciary Law § 475, "the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim...."  Further, as discussed by the court in Tipoo,

> An attorney's charging lien upon his client's recovery is a vested property right created by law and not a priority of payment. ...  In considering whether to grant a charging lien under Section 475, the Court is to liberally construe the statute in aid of the object sought by the legislature, which was to furnish security to attorneys and to protect them against the knavery of their clients.

Id. (citations and quotations omitted).

As set forth in the Yudell Decl., ARY is owed a substantial sum of money from Plaintiff.  As such, entry of a charging lien is appropriate.

3

## Conclusion

For the foregoing reasons and the reasons set forth in the Yudell Decl., an order should be entered permitting Mr. Yudell and ARY to withdraw as attorneys of record for Plaintiff, granting ARY a charging lien, and granting ARY such other, further and different relief as to this Court seems just, proper and equitable.

Dated: New York, New York
      October 15, 2012

                                          Respectfully submitted,

                                          ARONAUER, RE & YUDELL, LLP

                                          By: /s/Kenneth S. Yudell
                                            Kenneth S. Yudell, a member
                                              of the Firm (KY-3259)
                                          Attorneys for Plaintiff
                                          One Grand Central Place
                                          60 East 42nd Street
                                          Suite 1420
                                          New York, New York 10165
                                          (212) 755-6000

*Of Counsel:*
    Kenneth S. Yudell

4