UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PREFERRED GROUP OF MANHATTAN, INC.,

               Plaintiff,

- *against* -

ROBERT J. DOOLEY & CORNELIUS R. VERHOEST,

               Defendants.

09 Civ. 4981 (VB)(PED)

**ORDER**

---

**PAUL E. DAVISON, U. S. M. J.:**

By motion dated October 15, 2012, Kenneth S. Yudell, Esq, Aronauer, Re & Yudell, LLP, moves (1) pursuant to Local Civil Rule 1.4 to withdraw as attorney for Plaintiff, and (2) pursuant to New York Judiciary Law § 475 for a charging lien in the amount of $56,949.00. (Dkt. 48.)

Plaintiff's counsel was directed to inform his client of the deadline to respond to the motion, which was extended to November 9, 2012.[1] Counsel has filed an affidavit of service confirming this was done. Counsel also stated he informed Plaintiff that, as a corporate entity, it may not proceed in this action *pro se*. (Dkt. 53.) As of this date, the Court has not received a response from Plaintiff.

An attorney's request to withdraw as counsel is governed by Local Civil Rule 1.4, which provides:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon

---

[1] The original deadline for any response was October 29, 2012. Although no extension of that deadline was requested, on November 2, 2012 this Court unilaterally extended the deadline due to Hurricane Sandy.

a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar.

S.D.N.Y. Local Civ. R. 1.4. It is well-established that "satisfactory reasons" for withdrawal in this District include the failure to pay legal fees, see, e.g., Blue Angel Films, Ltd. v. First Look Studios, Inc., No. 08 Civ. 6469, 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011) (collecting cases), and a client's lack of cooperation with counsel, which includes the failure to communicate, see, e.g., Griffin v. Norwegian Cruise Line, Ltd., No. 01 Civ. 9755, 2002 WL 500375, at *1 (S.D.N.Y. Apr. 3, 2002) (collecting cases).

Accordingly, the Court finds that Mr. Yudell has set forth satisfactory reasons to withdraw as Plaintiff's attorney, and therefore **GRANTS** that part of his motion. The Court **RESERVES DECISION** on that part of his motion that seeks a charging lien. Plaintiff is granted **30 DAYS** to have new counsel file notice of appearance and respond to that issue. See Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) (corporation "is an artificial entity that can only act through their agents," "cannot proceed *pro se*," and therefore may litigate only through "an attorney licensed to practice law before our courts").

Mr. Yudell is directed to serve a copy of this Order on Plaintiff and to file an affidavit confirming that service was made.

The Clerk is directed to terminate the motion. (Dkt. 48.)

Dated: November 15, 2012
      White Plains, New York

**SO ORDERED**

_____
Paul E. Davison
United States Magistrate Judge

2