UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PREFERRED GROUP OF MANHATTAN, INC.,

                            Plaintiff,

- *against* -

ROBERT J. DOOLEY and CORNELIUS R. VERHOEST,

                            Defendants

09 Civ. 4981 (VB)(PED)

**REPORT AND RECOMMENDATION**

TO:   THE HONORABLE VINCENT BRICCETTI
        UNITED STATES DISTRICT JUDGE

## I. BACKGROUND

On November 15, 2012, I granted the motion of Kenneth S. Yudell, Esq., to withdraw as counsel for Plaintiff Preferred Group of Manhattan, Inc. ("Plaintiff"). (Dkt. 54.)[1] The motion, which had been served on Plaintiff (Dkt. 51.), was unopposed.[2]

In the November 15, 2012 Order (the "Order") granting Mr. Yudell's motion, I granted Plaintiff 30 days to appear through substitute counsel, noting the rule that a corporation must appear through counsel. See Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983)(corporation "is an artificial entity that can only act through . . . agents," "cannot proceed

---

[1] Mr. Yudell also moved for a charging lien pursuant to New York Judiciary Law § 475. I reserved decision as to the lien. In view of the disposition recommended herein, counsel's application for a charging lien is moot.

[2] Plaintiff's original deadline to reply to counsel's motion was October 29, 2012. On November 2, 2012, after Hurricane Sandy, the Court *sua sponte* extended Plaintiff's time to respond to the motion to November 9, 2012, and directed Mr. Yudell to notify Plaintiff of the extension, which he did. (Dkt. 53.)

*pro se*," and may litigate only through "an attorney licensed to practice law before our courts").[3]

Plaintiff has not responded to the Order in any way, and no counsel has appeared on Plaintiff's behalf. By letter dated December 19, 2012, Defendant Cornelius R. Verhoest ("Verhoest") has requested leave to file a motion to dismiss the action based upon Plaintiff's failure to prosecute.[4] (Dkt. 56.)

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court also maintains an inherent authority to dismiss an action *sua sponte* for a party's failure to prosecute. See, e.g., Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962)).

The Second Circuit examines five factors when reviewing a district court's decision to dismiss an action for failure to prosecute, including whether

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. at 576 (quoting United States *ex rel.* Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir.

---

[3]Mr. Yudell had previously advised Plaintiff that, if his motion was granted, Plaintiff would be required to "retain new counsel to prosecute the action or the action [would] be dismissed." Letter to Preferred Group of Manhattan, Inc., dated November 2, 2012. (Dkt. 53.)

[4]Because the basis for Verhoest's motion is straightforward and is adequately set forth in Verhoest's pre-motion letter, and because Plaintiff has apparently abandoned this action, I have not required Verhoest to submit a formal motion.

2

2004)). No single factor is dispositive. Id. "In determining whether to recommend dismissal, the Court must also take into account that a corporate [party] may not appear on its own behalf." Bay Chevrolet, Inc. v. Gen. Motors Corp., Nos. 08 Civ. 233, 08 Civ. 4631 (KAM)(JMA), 2011 WL 4628743, at *2 (E.D.N.Y. Aug. 11, 2011) (Report & Recommendation), adopted by 2011 WL 4628713 (Oct. 3, 2011)(collecting cases).

## III. CONCLUSION

Here, Plaintiff – which did not oppose Mr. Yudell's motion to withdraw – was advised that it must appear through counsel to prosecute this action. Plaintiff was granted time to engage replacement counsel, but has failed to do so. Under these circumstances, I respectfully recommend that this case be **DISMISSED WITH PREJUDICE**.[5]


### NOTICE

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days, plus an additional three (3) days, or a total of seventeen (17) days, from service of this Report and Recommendation to serve and file written objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections, if any, along with any responses to the objections, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Vincent L. Briccetti, at the Honorable Charles L. Brieant, Jr. Federal Building and United States Courthouse, 300 Quarropas Street, White Plains New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later

---

[5] Defendant Robert J. Dooley has not answered or otherwise appeared. However, Plaintiff never sought a default judgment.

appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Briccetti.

Dated: December 27, 2012
      White Plains, New York

                                      Paul E. Davison
                                      United States Magistrate Judge

A copy of this Report and Recommendation has been mailed to:

Preferred Group of Manhattan, Inc.
71-19 Northern Boulevard
Jackson Heights, NY 11372